PETER GREINER, PROSECUTOR, v. THE TOWNSHIP OF WOODBRIDGE ET AL., DEFENDANTS.

Argued October 7, 1925—Decided March 2, 1926.

**Municipalities—Vacation of Streets and Public Squares or Public Places—Contention of Defendant That the Land in Question Had Not Been Accepted by Municipality Sustained, and Ordinance Affirmed.**

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Ephraim Cutter.*

For the defendants, *J. H. Thayer Martin.*

PER CURIAM.

This writ brings up for review an ordinance vacating a tract of land in the township of Woodbridge, which is referred to in the ordinance as a part of Rahway avenue, but which the prosecutor contends "is a part of a public square," that part being vacated having an average width of fifty feet and length of sixty-three feet, and being described by metes and bounds.

Apparently, the prosecutor's contention in the application for this writ was that the ordinance to vacate was void because the vacated land was part of a park, and the township for that reason had no authority to vacate the land. This contention appears to be the ground on which the writ was allowed. Prosecutor now seems to have abandoned any claim that there was any park here, and now contends it was a *public square* accepted *by the public,* and as such not subject to vacation. Defendant relies on express statutory authority to vacate, found in the act concerning municipalities, as follows: Article 22, section 1(b) (*Pamph. L.* 1918, *p.* 487; *Cum. Supp., pp.* 2227, 2228), declaring that "1. The governing body of every municipality shall have power to make, publish, enforce, amend or repeal ordinances." * * *

"(b) To vacate any street, avenue, highway, lane or alley, or portion thereof. Any ordinance for this purpose shall only be passed after public notice of the intention of the governing body to consider the same has been published once at least ten days prior to the date of the passage of such ordinance in a newspaper circulating in the municipality, which said notice shall designate the time and place, when and where such governing body will consider the said ordinance. At the time and place so designated, or at any other time or place to which the meeting shall have adjourned, all persons whose lands may be affected by such ordinance, or who may be interested therein, shall be given an opportunity to be heard concerning the same."

And article 22, section 4 (*Pamph. L.* 1917, *p.* 406; *Cum. Supp., p.* 2229), declaring that—

"4: Whenever in any municipality there has been heretofore, or shall be hereafter, a dedication of lands as a public street or highway, or as a public square or public place, and the same has not been accepted or opened by the municipality, and it shall appear to the governing body that the public interest will be better served by releasing said lands or any part thereof from such dedication, said governing body shall have power by ordinance to release and extinguish the public right arising from said dedication as to the whole or any part of said lands, and thereupon said lands, or the part thereof so released, shall be effectually discharged therefrom as though said dedication had not taken place; provided, however, that notice of the intention of the governing body to consider any such ordinance, and a hearing thereon, shall be given as is herein provided concerning ordinances for the vacation of streets."

This seems to give full and complete authority, if this was a part of a street, to vacate it unconditionally under 1(b); if not a street, but part of a public square, then to vacate the public right on the sole condition that the part vacated had not been accepted or opened by the municipality.

Our examination of the case discloses to our satisfaction that the *vacated strip* is nothing but a piece of waste land. While it has always been free to the public, there is no evidence of any use ever having been made of the *vacated strip* except that masons used to dig sand from it. Prosecutor's witness Brennon said: "I never remember it being used for anything only taking sand out of it." In short, we assume, as contended by the prosecutor, that the vacated land had been dedicated as a public square. The ordinance recites, in the language of the statute, that it appears to the governing body that the public interest would be better served by releasing the same from such dedication, and, accordingly, the public right arising from such dedication was released and extinguished by the ordinance, which it is not questioned was properly passed, after due notice, as required by the statute. This it was competent for the governing body to

do provided that part of the public square vacated had not been *accepted or opened by the municipality.*

The prosecutor contends, and the defendant denies, that it had been accepted or opened by the municipality.

We think the defendant is right. We find no evidence whatsoever of any opening or acceptance of the vacated land in question *by the municipality.*

We believe that these views dispose of the main contention of the prosecutor.

We have examined with care the other objections made to the ordinance in question, and we think that it is sufficient so say that we find no merit in them.

The result is that the ordinance will be affirmed, with costs.